### Ex parte YOUNG TOY.

(District Court, N. D. California, First Division. September 16, 1919.)

### No. 16515.

ALIENS ☞32(8)—EVIDENCE INSUFFICIENT TO SUSTAIN EXCLUSION OF CHINESE.
 In habeas corpus proceedings by a Chinese seeking admission as the son of a resident merchant, evidence that the father was principally engaged in delivering liquors and cigars sold by the firm of which he was a member, *held* not to destroy the father's mercantile status, since the manual labor of delivering articles was a necessary part of the business.

Habeas corpus proceedings by Young Toy. Demurrer to petition for writ overruled, and writ issued.

George A. McGowan, of San Francisco, Cal., for petitioner.
Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. Petitioner, a native of China, seeks admission into this country as the son of a resident merchant. The relationship is conceded, but the mercantile status of the father is denied. The testimony shows that the father is a member of a firm dealing in liquors, but that he spends much of his time in delivering goods to customers of the establishment. It is also claimed that the firm has not sufficient capital, or goods to justify the number of active members claimed. It may be said in passing that about six months before the date of the exclusion of the present applicant one of his brothers was admitted into the country, and at that time the father's status as a merchant was recognized. Establishments dealing in liquor, with prohibition in sight, naturally would not want a large stock of goods on hand, and that phase of the case was not the determining factor in the department's conclusion that the father was not a merchant within the meaning of the law. The decision of the commissioner contains the following language:

"Admitting the alleged father's claim that he has $500 invested in the business, the work performed by him is that of a laborer, requiring no skill or training, and would not seem to bring him within the definition of a 'mer-

chant' as one who is engaged in buying and selling merchandise at a fixed place of business, and performing no manual labor other than that necessary in the conduct of his business as a merchant."

Here we have the real reason for the determination that the applicant's father is not a merchant as defined. But the firm of which the father is a member has a fixed place of business and is there engaged in buying and selling liquors and cigars. The delivery of goods sold by a modern mercantile establishment is just as much an essential part of the business as is the sale itself, and a member of the firm who makes the delivery is not performing manual labor not necessary in the conduct of his business as a merchant. It is not all manual labor which disqualifies, but only such manual labor as is not necessary in the conduct of the business as a merchant. I can see no difference between the wrapping up of the goods in the store, and the delivery of them to the purchaser's home. Each involves manual labor, but each is necessary to conduct of the business.

The demurrer will therefore be overruled, and the writ will issue, returnable September 20, 1919, at 10 o'clock a. m.